UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JOSE SANCHEZ a/k/a RON RIVERA (Prisoner # C53210),<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA CLARA COUNTY BOARD OF SUPERVISORS; et al.,<br><br>    Defendants.<br>_____/ | No. C 14-1858 LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 6] |

## INTRODUCTION

Jose Sanchez a/k/a Ron Rivera, an inmate at the Old Colony Correctional Center in Bridgewater, Massachusetts, has filed a civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Mr. Rivera leave to file an amended complaint.

## STATEMENT

This case concerns Mr. Rivera's child support obligations under California law. Understanding Mr. Rivera's complaint is aided by a brief explanation of the portion of the California child support system that involves court actions to enforce child support obligations. A court action may be commenced by a Local Child Support Agency ("LCSA"), which is defined as a "county or regional department of child support services responsible for providing services directly to the public."

C 14-1858 LB
ORDER

California Department of Child Support Services, *Child Support Handbook* at 8 (March 2014), *available at* www.childsup.ca.gov.[1]

> The court process begins when the LCSA files a Summons and Complaint with the court to get a child and/or medical support order. The Summons and Complaint and a blank Answer form are delivered to the parent being asked to pay child support. . . . The person asked to pay support must respond within 30 days from the date they are served. . . . If the person asked to pay support disagrees with any part of the proposed judgment, that person must file an Answer to Complaint form. . . . If the person served does not respond in writing within 30 days of receiving the Summons and Complaint, then the court will set the child support amount based on the information it has available. . . . If the person asked to pay support agrees with the proposed judgment, the LCSA can prepare an agreement (stipulation) using the same child support guidelines the court uses. The court usually approves this agreement without requiring the parents to appear in court.

*Id.* at 10-11. A court hearing date will be set if the party on whom the Summons and Complaint is served contests paternity or the amount of child support requested. *Id.* at 12.

In his § 1983 complaint, Mr. Rivera claims that the LCSA of Santa Clara County is trying to make him pay child support that he does not want to pay, and has taken $500 for child support. ECF No. 6 at 3. Mr. Rivera writes: "I want to know . . . how Santa Clara County San Jose CA can charge me any more money when I do not have any [children] to begin with. I am saying something now because I did not know what court I could lodge a [complaint] in. I know now I can do it in your court." *Id.* Mr. Rivera requests that his $500 be returned to him and offers to give a DNA sample to prove he is not the father of the child in question. *See id.*

Mr. Rivera's exhibits provide additional details. A monthly billing statement from the California Health and Human Services Agency, Department of Child Support Services, appears to show Mr. Rivera is charged $411 per month for child support, although the total number of months he has been subjected to this charge is not stated. ECF No. 7 at 6. An undated letter from the Santa Clara County Department of Child Support Services asks Mr. Rivera for personal information (e.g., recent addresses and existence of tattoos) so that the Department of Child Support Services can be sure it has "the correct Mr. Rivera." ECF No. 1 at 2.

---

[1] In Santa Clara County, the LCSA is the Santa Clara County Department of Child Support Services. *See* www.sccgov.org/sites/dcss (last visited May 20, 2014).

# ANALYSIS

## A. Legal Standards

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## B. Review of Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. The complaint does not provide enough facts and does not sufficiently describe the legal claim(s) for this court to determine whether Mr. Rivera has any potential claim against defendants that may proceed in federal court.

First, it is not clear what claim(s) for relief Mr. Rivera wants to allege. As noted above, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States to

1 state a claim under § 1983.  The complaint suggests that Mr. Rivera's claim may simply that he
2 shouldn't have to pay child support because he is not the father of the child, but he has not indicated
3 what constitutional right that violates.  In his amended complaint, he must describe any other reason
4 he has for objecting to paying child support and must adequately describe what his legal claims are.
5 He must allege facts showing violations of his constitutional rights and, if possible, explain which
6 particular rights he believes have been violated.

7 Second, the complaint does not explain what Mr. Rivera has done to try to show the LCSA or the
8 state court that he is not the father of the child.  In his amended complaint, he should explain
9 whether he attempted to explain to the LCSA or to the state court that he was not the father of the
10 child.  He also should explain what response he received.

11 Third, the complaint does not describe whether a case has been filed in state court to obtain child
12 support payments from Mr. Rivera.  In his amended complaint, he must explain whether a case has
13 been filed against him in state court, whether he filed any documents in that case, and whether the
14 state court has ordered him to pay child support.  If a state court has ordered him to pay child
15 support, he must explain whether he appealed that decision and, if so, whether there has been any
16 decision regarding his appeal.

17 Fourth, the complaint lists several members of the Santa Clara County Board of Supervisors as
18 defendants but does not allege any basis on which to hold any of them liable.  In his amended
19 complaint, Mr. Rivera must link each defendant to his claim(s).  He should not refer to them as a
20 group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link
21 each of them to his claim by explaining what each involved defendant did or failed to do that caused
22 a violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  If Mr. Rivera has
23 named the individual members of the Board of Supervisors as defendants in an effort to hold the
24 municipality of Santa Clara County liable, he should be aware of certain requirements for municipal
25 liability.  The municipality has no respondeat superior liability under § 1983; that is, the
26 municipality has no liability under the theory that it is liable simply because it employs a person who
27 has violated a plaintiff's rights.  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*;*
28 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Santa Clara County would not have liability

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   under § 1983 based solely on the fact that it may have employed the alleged wrongdoer. However,
2   local governments, such as Santa Clara County, are "persons" subject to liability under 42 U.S.C. §
3   1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To
4   impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must
5   show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the
6   municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's
7   constitutional right; and (4) that the policy is the moving force behind the constitutional violation."
8   *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and
9   internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts
10  regarding the specific nature of the alleged policy, custom or practice to allow the defendant to
11  effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief.
12  *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely
13  allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to
14  a policy, custom or practice. *See id.* at 636-68.

### CONCLUSION

16  For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The
17  amended complaint must be filed no later than **July 25, 2014**, and must include the caption and civil
18  case number used in this order and the words AMENDED COMPLAINT on the first page. Mr.
19  Rivera is cautioned that his amended complaint will supersede existing pleadings and must be a
20  complete statement of his claims, except that he does not need to plead again any claim the court has
21  dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.
22  2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of
23  the action for failure to state a claim.

24  **IT IS SO ORDERED.**

25  Dated: June 12, 2014

26  _____
    LAUREL BEELER
    United States Magistrate Judge